(131 So. 50)

**SWOPE v. FEDERAL SURETY CO.**

No. 30638.

Nov. 3, 1930.

P. L. Ferguson, of Leesville and Lemle, Moreno & Lemle, of New Orleans, for appellant.

Peterman, Dear & Peterman, of Alexandria, for appellee.

ST. PAUL, J.

This is an action upon an accident policy in favor of plaintiff upon the life of her husband, Lauran Claud Swope. It is admitted that the deceased lost his life whilst driving alone in an automobile which struck the balustrade of a bridge and then turned over and crushed and burned the assured to death.

The defense is (1) that the assured, in applying for the policy, misrepresented that he was of temperate habits, and (2) that he was intoxicated at the time of the accident, the policy providing that in such case no liability by the company should result.

The trial judge found that both defenses were unfounded, and gave judgment for the plaintiff, from which judgment the defendant appeals.

We think the district judge was correct. There is no evidence in the record tending to show that the deceased was intemperate in his habits. Even defendant's witnesses admit that they had never seen him under the influence of liquor more than twice in his life, once some four years before the accident and once some twelve years before; that he had the reputation of drinking occasionally, but not to excess.

As to being drunk at the time of the accident, which occurred at about 3 o'clock in the evening, one witness testified that the assured was drunk at about 10 in the morning, but the same witness testifies that he saw him twice thereafter and does not testify that he was intoxicated at those times. On the other hand, one witness testifies that he was not intoxicated when seen at 10 o'clock in the morning, and another witness testifies that he saw him about an hour before the accident and he was then sober and had discussed business with the witness.

It is also shown that the automobile had one defective tire on the right front wheel which might have caused the accident.

We are therefore unable to conclude that the preponderance of the evidence shows that the assured was intoxicated at the time of the accident. Hence we see no error in the finding of the trial judge.

Decree.

The judgment appealed from is therefore affirmed.